---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

John P. Fazzio, Esq.
Fazzio Law Offices
5 Marine View Plaza, Ste 218
Hoboken, NJ 07030
(201) 529-8024
Attorney for the Debtor-in-Possession

---

In re:

    James A. Gilmartin,

            Debtor-in-Possession.

Case No.: **#19-23492-SLM**
Chapter 7
Judge: Hon. Stacey L. Meisel
Hearing Date: 9/10/2019, 10:00am

# DEBTORS' MEMORANDUM OF LAW AND FACT
# IN OPPOSITION TO
# MOTION TO LIFT THE STAY
# FILED BY SELECT
# PORTFOLIO, INC.

1. Debtor files this Memorandum of Law & Fact in opposition to the Motion to Lift the Stay filed by the Movant herein, Select Portfolio, Inc., by and through its counsel, Andrew M. Lubin, Esq., re the Real Property owned by the Debtor-in- Possession, at 131 Rock Road, Glen Rock, New Jersey 07452.

2. The protections afforded a Debtor-in-Possession by 11 U.S.C. §362 are among the most fundamental protections afforded by the Bankruptcy Code.

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from

> his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. it permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
> [*Legislative History to Section 362, United States Bankruptcy Code, at 11 U.S.C. §362* ]

## Adequate Protection Payments

3. 11 U.S.C. §361(1) provides that the Debtor can provide Adequate Protection to the secured creditor by way of making "a cash payment or periodic cash payments to such entity". The Supreme Court of the United States, in the case <u>United Sav. Ass'n v. Timbers of Inwood Forest</u>, 484 U.S. 365, 108 S.Ct. 626 (1988) upheld the United States Second Circuit Court of Appeals' holding that a Chapter **11** Debtor-in-Possession has no right to mortgage payments during a Chapter 11 case, provided that adequate protection has been offered, by way of payment of property tax and insurance payments, as the instant Debtor proposes.

4. In the underlying United States Circuit Court of Appeals case affirmed by the United States Supreme Court in its *Timbers of Inwood* holding, the Second Circuit had held that: "Section 361(3) does not require periodic postpetition interest payments to an undersecured creditor to compensate it for the delay of the reorganization proceeding during the pendency of the automatic stay."   <u>United Sav. Ass'n v. Timbers of Inwood Forest, Ltd.</u>, 793 F.2d 1380, 1383 (1986). In that case, the Second Circuit held that the Debtor only need pay the monthly $7,956 escrow payment for taxes and insurance, not the $42,500 monthly mortgage payment otherwise due in that case.   *Ibid.*   The United States Supreme Court <u>affirmed</u>, upholding the Second Circuit's ruling that:

> ". . . the interest in property" protected by Sec. 362(d)(1) **does not include a secured party's right to immediate foreclosure.** . . . Moreover,

> the meaning of Sec. 362(d)(1)'s "interest in property" phrase is clarified by the use of similar terminology in Sec. 506(a), where it must be interpreted to mean only the creditor's security interest in the property without regard to his right to immediate possession on default. [*United Sav. Ass'n v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S.Ct. 626, at 627 (1988) *(emphasis added)*]

5. The U.S. Supreme Court accordingly held that a secured creditor's right to protection does not include a creditor's right to immediate foreclosure, nor a right to, in effect, interest on the value of its collateral.

> The language of other Code provisions that deal with the rights of secured creditors, and the substantive dispositions that those provisions effect, establish that the "interest in property" protected by Sec. 362(d)(1) **does not include a secured party's right to immediate foreclosure.** . . . Moreover, the meaning of Sec. 362(d)(1)'s "interest in property" phrase is clarified by the use of similar terminology in Sec. 506(a), where it must be interpreted to mean only the creditor's security interest in the property without regard to his right to immediate possession on default. [*United Sav. Ass'n v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S.Ct. 626, at 627 (1988) *(emphasis added)*]

**Proposed Order for Adequate Protection**

6. Section 362(d)(2) applies to motions for stay relief with respect to an act against property of the estate, such as a foreclosure action: Under this provision, the stay will be vacated if the debtor does not have equity in the property unless the debtor can show that a proposed or contemplated plan is not patently unconfirmable and has a realistic chance of being confirmed. John Hancock Mutual Life Insurance Co. v. Route 37 Business Park Associates, 987 F.2d 154, 157 (3rd Cir. 1993). Here the Debtor is in the process of finalizing a hard-money loan in the amount of 60% of

the appraised value of the property. Debtor is awaiting the appraisal to then received final figures for the hard money loan. Under the above referenced provision, Debtor is in the process of finalizing a proposal to satisfy the obligations owed to the Secured Creditor outside of the bankruptcy. Should these efforts fail, the Debtor will most likely apply for loss mitigation. Whether through a short pay scenario whereby the Debtor refinances through a hard money loan or through an affordable modification of the indebtedness – the Debtor's plan is to retain the Property.

7. To the extent necessary, Debtor can make "adequate protection" payments in an amount to compensate the Secured Creditor for the costs of property taxes, insurance and other carrying costs. However, the Secured Creditor will not suffer prejudice or face a scenario of being undersecured, because there is sufficient equity in the Property to pay off the Secured Creditor's lien in full. Moreover, in the event a short pay or modification is unsuccessful, the Debtor would voluntarily list the property for sale with a realtor and engage in an arm's length market transaction to ensure the Secured Creditor is paid in full, rather than a "quick sale" auction through foreclosure/REO. Indeed, everyone is worse off if the property is disposed of on an expedited basis through foreclosure proceedings and a Sheriff's Sale or Auction.

8. Accordingly, Debtor's proposal to enter into a standard Consent Order for Adequate Protection, requiring the Debtor to pay Movant adequate protection by way of the regular monthly escrow payment for taxes and insurance, is in accord with United States Supreme Court caselaw, and as even the Movant acknowledges at paragraph 8 of its Certification in Support of the instant Motion, an appropriate Adequate Protection Order to be entered by the Court, requiring payment by the Debtor of the monthly escrow sums due.

9. Northern New Jersey real estate prices are projected to increase by increase by 3.00% in 2019, *htttps://www.realtor.com/research/2019-national-housing-forecast/* as accessed on 8/22/2019. Hence, there is no reason to assume any "decrease in the value of [movant's] interest in such property" per 11 U.S.C. §361.

### LBR 9013-3(a)

10. It is anticipated that the parties should likely be able to resolve this Motion by way of a Consent Order for Adequate Protection in the ordinary course, as entered into per further negotiations, in accord with LBR 9013-3(a).

### Conclusion

11. The Debtor-in-Possession respectfully submits that if the parties are unable to agree on a Consent Order per LBR 9013-3(e), then the instant Motion should be denied, based on the factual and legal arguments and caselaw set forth hereinabove.

Respectfully submitted,

## Fazzio Law Offices

 /s/ John P. Fazzio, Esq.
John P. Fazzio, Esq.

Date: September 4, 2019     Attorney for the Debtor-in-Possession